FILED
CLERK

5/3/2017 12:17 pm
For Online Publication Only
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
DONNELL BARNES, JR., 16-B-6216,

                    Plaintiff,

     -against-

ANTHONY L. ANNUCCI, Acting Commissioner,

                   Defendant.
------------------------------------------------------------------X

**ORDER**
16-CV-6828(JMA)(GRB)

**AZRACK, United States District Judge:**

On December 5, 2016, incarcerated *pro se* plaintiff Donnell Barnes Jr. ("plaintiff") filed a complaint in this Court against Anthony L. Annucci, the Acting Commissioner of the New York State Department of Corrections and Community Supervision ("Annucci" or "defendant") pursuant to 42 U.S.C. § 1983 ("Section 1983") alleging a deprivation of his constitutional rights. Accompanying the complaint is an application to proceed *in forma pauperis*. The Court grants plaintiff's request to proceed *in forma pauperis* and *sua sponte* dismisses the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii)-(iii), 1915A(b) for the reasons that follow. Plaintiff is granted leave to file an amended complaint in accordance with this Order within thirty (30) days of the date of this Order.

## I. BACKGROUND

All material allegations in the complaint are assumed to be true for the purpose of this Order. See, e.g., Rogers v. City of Troy, New York, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a pro se complaint for sua sponte dismissal, a court is required to accept the material allegations in the complaint as true).

Plaintiff's brief, handwritten complaint, submitted on the Court's Section 1983 complaint

1

form, alleges that, on November 24, 2016, he slipped and fell and broke his jaw while in the custody of the New York State corrections department. (Compl. ¶ IV.) Plaintiff claims that, although he was promptly seen at the medical department, he requires surgery and, as of the date of his complaint, December 5, 2016, he has not had the surgery. (Id.) Accordingly, plaintiff alleges that the defendant is deliberately indifferent to his medical needs in violation of the Eighth Amendment. (Id. ¶ IV-V & at 8.) For relief, plaintiff seeks to recover a monetary award of $150 million. (Id. ¶ V & at 9.)

## II.   DISCUSSION

### A.   *In Forma Pauperis* Application

Upon review of plaintiff's declaration in support of the application to proceed *in forma pauperis*, the Court finds that plaintiff is qualified to commence this action without prepayment of the filing fee. 28 U.S.C. § 1915(a)(1). Therefore, plaintiff's application to proceed *in forma pauperis* is granted.

### B.   **Standard of Review**

The Prison Litigation Reform Act requires a district court to screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint, or any portion of the complaint, if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). Similarly, pursuant to the *in forma pauperis* statute, a court must dismiss an action if it determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court must dismiss the action as soon as it makes such a determination. 28 U.S.C. § 1915A(b).

*Pro se* submissions are afforded wide interpretational latitude and should be held "to less

stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); see also Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997). In addition, the court is required to read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. United States v. Akinrosotu, 637 F.3d 165, 167 (2d Cir. 2011) (per curiam) (citation omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

The Supreme Court has held that *pro se* complaints need not even plead specific facts; rather the complainant "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted); *cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). However, a *pro se* plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678. While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. at 678 (quoting Twombly, 550 U.S. at 555).

**C.     Section 1983**

Section 1983 provides that

[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

3

42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." Baker v. McCollan, 443 U.S. 137, 144 n. 3 (1979); Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999). In order to state a § 1983 claim, a plaintiff must allege two essential elements. First, the conduct challenged must have been "committed by a person acting under color of state law." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Id.; see also Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999).

### 1. Annucci is not a Proper Defendant

In order to state a plausible claim for relief under Section 1983, a plaintiff must allege the personal involvement of the defendant(s) in the alleged constitutional deprivation. Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010); McCoy v. Goord, 255 F. Supp. 2d 233, 245 (S.D.N.Y. 2003) (A Section 1983 claim for damages against an individual defendant must allege specific facts to show that each defendant was directly or personally involved in the alleged violation of the Constitution or laws; "that is, that there was 'personal participation by one who ha[d] knowledge of the facts that rendered the conduct illegal.'") (quoting Provost v. City of Newburgh, 262 F.3d 146, 155 (2d Cir. 2001)). In Colon v. Coughlin, the Second Circuit identified five ways to demonstrate a supervisory defendant's personal involvement: "(1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom,

(4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring." 58 F.3d 865, 873 (2d Cir. 1995) (citing Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994)).[1]  An individual, however, "cannot be held liable for damages under Section 1983 merely because he held a high position of authority."  Back v. Hastings on Hudson Union Free Sch. Dist., 365 F.3d 107, 127 (2d Cir. 2004).  Where a Section 1983 claim fails to allege the personal involvement of the defendant, it fails as a matter of law.  See Johnson v. Barney, 360 F. App'x 199, 201 (2d Cir. 2010).

Here, although plaintiff names Annucci as the sole defendant, he is not mentioned in the body of the complaint.  Thus, as is readily apparent, plaintiff has failed to state any facts in the complaint indicating that Annucci was personally involved in any of the challenged conduct and/or inaction.  In the absence of any factual allegations, Annucci cannot be held liable simply because of his position of authority in the prison system.  Ayers v. Coughlin, 780 F.2d 205, 210 (2d Cir. 1985) ("[P]laintiff's claim for monetary damages against these defendants requires a showing of more than linkage in the prison chain of command; the doctrine of *respondeat superior* does not apply.").  Accordingly, plaintiff has not alleged a plausible claim for relief

---

[1] The Second Circuit has yet to determine whether the Supreme Court's decision in Iqbal, 556 U.S. 662, altered the requirements for showing supervisory liability under Colon.  See Shaw v. Prindle, --- F. App'x. ---, 2016 WL 4578630, at *1 n.2 (2d Cir. Sept. 1, 2016) (citing Grullon v. City of New Haven, 720 F.3d 133, 138 (2d Cir. 2013)).  The Court need not resolve that difficult question here because, as discussed below, plaintiff fails to plead defendant Annucci's personal involvement under any of the tests identified in Colon.

against Annucci and such claim is thus dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2) (B)(ii)-(iii), 1915A(b)(1).[2]

### D. Leave to Amend

A *pro se* plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Shomo v. City of New York, 579 F.3d 176, 183 (2d Cir. 2009) (internal quotation marks and citation omitted). Indeed, a *pro se* plaintiff who brings a civil rights action, "should be 'fairly freely' afforded an opportunity to amend his complaint . . . ." Boddie v. New York State Div. of Parole, 08-CV-911, 2009 WL 1033786, at *5 (E.D.N.Y. Apr. 17, 2009) (quoting Frazier v. Coughlin, 850 F.2d 129, 130 (2d Cir. 1988)) (internal quotation marks omitted). Yet while "*pro se* plaintiffs are generally given leave to amend a deficient complaint, a district court may deny leave to amend when amendment would be futile." Id. (citations omitted).

Here, the Court has carefully considered whether plaintiff should be granted leave to amend his complaint. Plaintiff is afforded an opportunity to amend his complaint in accordance with this Order. Plaintiff's amended complaint must be labeled as an "amended complaint," bear the same docket number as this Order, 16-CV-6828(JMA)(GRB), and must be filed within thirty (30) days from the date of this Order. Plaintiff is advised that an amended complaint completely replaces the original complaint, so plaintiff must include all allegations he wishes to pursue against a proper defendant or defendants(s) in the amended complaint. If plaintiff does not file an amended complaint within the time allowed, plaintiff's claims will be dismissed with prejudice,

---

[2] Moreover, the Eleventh Amendment to the United States Constitution bars plaintiff's Section 1983 claims for money damages against Annucci that are brought against Annucci in his official capacity. Campos v. Schneiderman, 16-CV-179, 2016 WL 1441331, *3 (E.D.N.Y. Apr. 8, 2016) (*sua sponte* dismissing Section 1983 claims for money damages against Annucci because they were barred by the Eleventh Amendment). The Eleventh Amendment bars suits for damages in federal court by private parties against a state (or state official in his or her official capacity) absent consent to suit or an express congressional waiver of immunity. Bd. of Trustees of Univ. of Alabama v. Garrett, 531 U.S. 356, 363 (2001); Ying Jing Gan v. City of New York, 996 F.2d 522, 529 (2d Cir. 1993).

judgment shall enter and this case shall be closed. Alternatively, plaintiff may pursue any valid claims he may have against the defendant in state court.

### III. CONCLUSION

For the forgoing reasons, the plaintiff's application to proceed *in forma pauperis* is granted, but plaintiff's claims are *sua sponte* dismissed for failure to allege a plausible claim for relief pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii)-(iii), 1915A(b). Plaintiff is granted leave to file an amended complaint in accordance with this Order within thirty (30) days of the date of this Order. If plaintiff does not file an amended complaint within the time allowed, plaintiff's claims will be dismissed with prejudice, judgment shall enter and this case shall be closed. Alternatively, plaintiff may pursue any valid claims he may have against the defendant in state court.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this Order to the pro se plaintiff.

**SO ORDERED.**              ____/s/ (JMA)_____
                             Joan M. Azrack
Dated: May 3, 2017           United States District Judge
       Central Islip, New York